IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMIL P. MILYAKOV,

    Plaintiff,

  v.

QUALITY LOAN SERVICE CORP, *et al*.,

    Defendants.

No. C 17-06533 WHA

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

## INTRODUCTION

In this second wrongful foreclosure action brought by plaintiffs, defendants move to dismiss the complaint pursuant to FRCP 12(b)(6). For the reasons below, defendants' motions are **GRANTED**.

## STATEMENT

In 2007, *pro se* plaintiffs Emil Milyakov and Magdalena Apostolova took out a $650,000 home loan from Paul Financial, LLC, evidenced by a promissory note and secured by a deed of trust on real property located in San Francisco. The deed identified defendant Mortgage Electronic Registration Systems, Inc. as the beneficiary and nominee, third-party Foundation Conveyancing, LLC as the trustee, and plaintiffs as borrowers (Compl. ¶ 19, Exh. A).[1]

---

[1] The complaint is unclear as to whether this action is brought by both Milyakov and Apostolova, or by Milyakov alone. While the caption only identifies Milyakov, the body of the complaint lists both Milyakov and Apostolova as plaintiffs. This order presumes that the action is brought on behalf of both individuals.

In 2010, MERS assigned defendant JPMorgan Chase, N.A. as beneficiary of the deed of trust, and Chase substituted defendant California Reconveyance Company as trustee. CRC later recorded a notice of default and notice of trustee's sale with the San Francisco Assessor, although it ultimately rescinded both notices (Compl. ¶¶ 21–28, Exhs. B–E; Dkt. No. 15-2, Exh. 7).

Also in 2011, plaintiffs filed a *pro so* complaint in state court against five defendants, including Chase, CRC, and MERS. The defendants removed the action to federal court where it was assigned to the undersigned judge. Plaintiffs' first amended complaint rested primarily on allegations that Chase did not legally own the mortgage loan, and thus had fraudulently received plaintiffs' mortgage payments. An order dated March 15, 2012, dismissed all of plaintiffs' claims in that action without leave to amend. *Milyakov v. JP Morgan Chase, N.A.*, No. 11-cv-02066, 2012 WL 879245, at *6 (N.D. Cal. Mar. 15, 2012).

In February 2014, Chase substituted defendant Quality Loan Service Corporation as trustee. QLSC recorded a second notice of default and notice of trustee's sale, although these notice were also later rescinded. In September 2014, plaintiffs entered into a rental agreement with First Magnus Group, Inc., whereby FGM would pay plaintiffs $2,400.00 per month to reside at plaintiffs' property (Compl. ¶¶ 31–39, Exhs. F–I; Dkt. 15-2, Exh. 16; Dkt. No. 18-1, Exh. B).

After additional assignments in 2014, 2015, and 2016, the deed of trust was ultimately assigned to defendant Pretium Mortgage Acquisition Trust. QLSC later recorded a third notice of default and notice of trustee's sale. The property sold in a foreclosure sale in July 2017. QLSC thereafter recorded a trustee's deed upon sale (Compl. ¶¶ 43–57, Exhs. J–O).

Plaintiffs initiated the instant suit in state court in October 2017. Chase removed the action. The complaint asserted the following claims: (1) wrongful foreclosure; (2) negligence; (3) violations of the California Homeowner Bill of Rights; (4) injunctive relief; (5) predatory lending practices; (6) violations of Section 17200 of the California Business and Professions Code; (7) constructive fraud; (8) fraud in the concealment; (9) fraud in the inducement; (10) slander of title; (11) quiet title; and (12) declaratory relief.

1   Chase and CRC jointly moved to dismiss, which motion MERS, Pretium, and defendant
2   Wilmington Savings Fund Society, FSB joined. MERS, Pretium, and Wilmington also filed a
3   separate motion to dismiss. Plaintiffs opposed (Dkt. Nos. 15, 17, 20, 30). This order follows
4   full briefing.[2]

5   At the hearing on defendants' motions, the Deputy Clerk called the case, but plaintiffs
6   were not present. As an accommodation, the case was put to the end of the Court's motion
7   calendar. When the case was recalled, plaintiffs were still not in attendance.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As to plaintiffs' claims for fraud, a court may dismiss these claims when the allegations fail to satisfy FRCP 9(b)'s heightened pleading requirements, which require a party to "state with particularity the circumstances constituting fraud."

**1. REQUEST FOR JUDICIAL NOTICE.**

Defendants collectively request judicial notice of over forty documents, including: (1) a deed of trust; (2) assignments of the deed of trust; (3) substitutions of trustee; (4) notices of default; (5) notices of trustee sale; (6) notices of rescission; (7) notice of trustee's deed upon sale; (7) documents filed in *Milyakov v. JP Morgan Chase, NA, et al.*, Case No. 11-cv-02066, in the Federal District Court for the Northern District of California; (8) documents filed in *In re: Apostolova,* Case No. 15-bk-31103, in the United States Bankruptcy Court for the Northern District of California; and (9) a lease recorded in the San Francisco County Recorder's Office (Dkt. Nos. 15-2, 18). Plaintiffs do not oppose these requests. These documents are matters of

---

[2] This order **DENIES** Chase and CRC's request to strike plaintiffs' untimely opposition to the motions to dismiss (Dkt. No. 32).

3

public record and therefore properly subject to judicial notice. FRE 201. Defendants' requests for judicial notice are **GRANTED**.

### 2. RES JUDICATA AND COLLATERAL ESTOPPEL.

Defendants Chase and CRC argue that plaintiffs' claims are barred by res judicata and collateral estoppel. The doctrine of collateral estoppel bars a party from relitigating any issues necessarily decided in a prior, final judgment. *Rice v. Crow*, 81 Cal. App. 4th 725, 734–35 (2000). "The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceedings is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 1201 n. 1 (2001).

On the merits, the complaint fails to state any ground for relief against defendants. This order need not reach, and reserves judgment on, the preclusive effect of prior litigation on the present action.

### 3. PLAINTIFFS' CLAIMS.

Plaintiffs' claims are based on allegations that defendants failed to comply with the Homeowner Bill of Rights before foreclosing on their property and on alleged defects in the chain of title. This order addresses each of plaintiffs' claims in turn.

#### A. Homeowner Bill of Rights.

In 2012, the California legislature passed the Homeowner Bill of Rights to ensure that borrowers have a meaningful opportunity to obtain a foreclosure alternative as part of the non-judicial foreclosure process. Cal. Civ. Code § 2923.4. The protections of the law apply only to first lien loans secured by owner-occupied residential property. Cal. Civ. Code § 2924.15. The complaint does not allege that plaintiffs reside at the property at issue in this action. Moreover, judicially noticeable documents submitted with defendants' motion to dismiss show that plaintiffs have been leasing their property to a third party since 2014 (Dkt. No. 18-1, Ex. B). Because plaintiffs' property was not owner-occupied at the time of the notice

4

of default or foreclosure, plaintiffs' HBOR claim fails as a matter of law. This claim is accordingly **DISMISSED**.[3]

### B. Wrongful Foreclosure.

The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). Generally, the tender rule applies such that "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984).

Plaintiffs assert multiple theories as the basis for their wrongful foreclosure claim, none of which have merit. *First*, plaintiffs allege that the foreclosure was wrongful because defendants failed to comply with the requirements of the Homeowner Bill of Rights (Compl. ¶ 66). For the same reasons explained above, this theory fails to give rise to a claim for relief.

*Second*, plaintiffs allege that defendants failed to credit plaintiffs for payments made towards their loan, and that accordingly the notice of default incorrectly stated the amount plaintiffs owed (Compl. ¶ 70). These vague allegations are inadequate. Plaintiffs allege no specific facts regarding such payments, nor do they allege that proper allocation of these payments would have resulted in their mortgage being current. The complaint therefore fails to establish that plaintiffs were prejudiced by defendants' alleged conduct.

---

[3] Although plaintiffs' HBOR claim appears to be based on the 2016 notice of default (which ultimately led to the foreclosure of plaintiffs' property), the complaint identifies two rescinded notices of default (*See* Compl. ¶¶ 28, 35). To the extent plaintiffs' HBOR claim relies on alleged deficiencies with respect to these notices, the claim similarly fail because plaintiffs have failed to allege that these notices caused them "actual economic damages." Cal. Civ. Code § 2924.12(b). Nor have plaintiffs alleged facts demonstrating that the alleged violations were "intentional or reckless, or resulted from willful misconduct." *Ibid.*

*Third*, plaintiffs contend that defendants lacked standing to foreclose on their property. Plaintiffs' theory appears to be that because MERS was "not the holder of Plaintiffs' Note in due course," it lacked authority to assign beneficial interest in the deed of trust, and therefore all subsequent assignments and substitutions of trustee were void (Compl. ¶¶ 22–46). This theory also fails. When plaintiffs signed the deed of trust, they agreed that MERS was the beneficiary and the "nominee for Lender and Lender's successors and assigns," and, further, that the note (or a partial interest in the note) could be "sold one or more times without prior notice" (Compl., Exh. A at 11). This allowed MERS to exercise all interests and rights held by the lender and its successors and assigns, including the right to assign the deed of trust. *Herrera v. Fed. Nat. Mortg. Assn.*, 205 Cal. App. 4th 1495, 1504 (2012), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919 (2016).

*Fourth*, plaintiffs allege that the foreclosure notices "were promulgated through counterfeit securities and/or assignments instruments" (Compl. ¶ 75). This lone, vague allegation gets them no closer to stating a claim for wrongful foreclosure. Plaintiffs' wrongful foreclosure claim is **DISMISSED**.

### C. Negligence.

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001). As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Rather, "[l]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Ibid.* (internal quotes and citations omitted). The complaint does not allege that defendants took any action toward plaintiffs outside of a traditional money lending activity. Plaintiffs instead allege that defendants owed them a duty of care as lenders and loan servicers (Compl. ¶ 89). Because defendants did not owe plaintiffs a

duty of reasonable care in serving the loan or in acting as a conventional lender, plaintiffs' negligence claim is **DISMISSED**.

### D. Predatory Lending.

Plaintiffs' fifth claim is for "predatory lending" (Compl. ¶¶ 116–122). The complaint alleges that defendants "have collaborated to engage and engaged in predatory lending practices" as defined in *American Financial Services Assn. v. City of Oakland*, 34 Cal.4th 1239 (2005). There, the Supreme Court of California, in holding that a city ordinance regulating predatory lending was preempted by state law, explained:

> "Predatory lending" is a term generally used to characterize a range of abusive and aggressive lending practices, including deception or fraud, charging excessive fees and interest rates, making loans without regard to a borrower's ability to repay, or refinancing loans repeatedly over a short period of time to incur additional fees without any economic gain to the borrower.

*Id.* at 1244, 1264. Plaintiffs also allege that defendants failed "to comply with statutory disclosure requirements under the Rosenthal Fair Debt Collection Practices Act." Absent from the complaint, however, are factual allegations demonstrating how these principles and provisions were purportedly violated. As such, plaintiffs' claim for predatory lending is **DISMISSED**.

### E. Constructive Fraud.

The elements of a constructive fraud claim are: (1) a fiduciary relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive; and (4) reliance and resulting injury (causation). Cal. Civ. Code § 1573; *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 516 n. 14 (1980). Absent special circumstances, however, "a loan does not establish a fiduciary relationship between a commercial bank and its debtor." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 740 (2010). Plaintiffs do not allege a fiduciary or confidential relationship between them and defendants, nor do they plead facts establishing such a relationship. Plaintiffs' seventh claim for relief is therefore **DISMISSED**.

### F. Fraud in Concealment and Fraud in Inducement.

The elements of a properly pleaded fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity; (3) intent to defraud,

7

*i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007). To state a claim for fraud by concealment, a plaintiff must also assert that the defendant was under a duty to disclose the fact to the plaintiff. *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 868 (2008).

Plaintiffs' fraud claims fail to satisfy the heightened pleading requirements of FRCP 9(b). The complaint alleges that defendants concealed the fact that plaintiffs' mortgage loan would be securitized and misrepresented that defendants "were entitled to exercise the power of sale provision contained in the Deed of Trust." The complaint further alleges that defendants misrepresented that they were the owners of the note and beneficiary of the deed, and that defendants' failure to disclose this information induced plaintiffs to take out their loan. The complaint fails to allege, however, what specific misrepresentations are imputed to each defendant and fails to identify the particular circumstances surrounding the alleged fraud. The complaint fails to explain, for example, when the allegedly fraudulent statements were made or where or how they occurred. Plaintiffs' fraud claims are accordingly **DISMISSED**.

### G. Slander of Title.

To state a claim for slander of title, a plaintiff must allege a publication which: (1) is without privilege or justification; (2) is false; and (3) causes direct and immediate pecuniary loss. *Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1336 (2017). Plaintiffs allege that each of the recorded documents described in their complaint slanders the title to their property. These documents consist of: (1) the deed of trust; (2) assignments of the deed of trust; (3) substitutions of trustee; (4) notices of default and notices of trustee's sale; and (5) the trustee's deed upon sale (Compl. ¶¶ 19–57, 166–173).

Plaintiffs fail to state a claim for slander of title based on the notice of default, notice of sale, or trustee's deed upon sale because such notices are privileged. California Civil Code Section 2924(d) states that notice requirements of non-judicial foreclosure sales are privileged communications. *Schep*, 12 Cal. App. 5th at 1336. The recording of a trustee's deed upon sale is also privileged. *Ibid.* Plaintiffs' claim of slander of title based on these documents accordingly fails as a matter of law.

8

Plaintiffs also assert that the deed of trust, assignments of the deed of trust, and substitutions of trustee slander their property because "at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property." As explained above, however, plaintiffs fail to set forth any factual allegations which demonstrate that these documents are "void and [have] no force and effect." This conclusory allegation is not sufficient to state a claim. The slander of title claim is accordingly **DISMISSED**.

### H. Quiet Title.

To state a claim to quiet title, a complaint must be verified and include: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Proc. § 761.020. As a general principle, a plaintiff may not state a claim for quiet title unless he or she is prepared to tender the full amount of the outstanding debt. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013).

Plaintiffs fail to allege facts sufficient to show tender in the amount of their indebtedness or a valid excuse to the tender requirement. In their opposition, plaintiffs essentially concede that they never allege tender, but instead argue that an exception exists where plaintiffs challenge the validity of the underlying debt, where the trustee did not have power to conduct the trustee's sale, or where requiring tender would be inequitable. As discussed above, however, plaintiffs have failed to plead facts suggesting that QLSC lacked the authority to conduct the trustee's sale. Nor does the complaint adequately challenge the validity of plaintiffs' mortgage loan or deed of trust. Finally, the complaint's allegations fail to demonstrate that requiring tender would be inequitable. This claim is also **DISMISSED**.

### I. Declaratory and Injunctive Relief.

Plaintiffs assert claims for injunctive and declaratory relief (Compl. ¶¶ 104–115, 182–193). Injunctive and declaratory relief, however, are remedies which must rely upon underlying claims. If plaintiffs seek declaratory and injunctive relief, they should request it as

part of their prayer for relief. On this basis, the injunctive relief and declaratory relief claims are **DISMISSED**.

### J. Unfair Business Practices.

Plaintiffs' next claim is for unfair business practices. California unfair competition law covers "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, *et seq.* A violation of another law is a predicate for stating a claim for relief under California's UCL. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (1999). As all of plaintiffs' other claims for relief have been dismissed, plaintiffs' UCL claim has no legs on which to stand. Plaintiffs' claim under California's unfair competition law is **DISMISSED**.

## CONCLUSION

For the foregoing reasons, defendants' motions are **GRANTED**. Plaintiffs may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. The proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: February 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE